McCORD, Chief Judge.
Petitioner seeks review of the Florida Parole and Probation Commission’s revocation of petitioner’s parole for violation of two parole conditions. We reverse.
In September, 1974, petitioner was granted parole contingent upon standard parole conditions. Thereafter, petitioner became a resident of Tallahassee, Florida, found work, and lived without incident until August, 1977, when he obtained permission from his parole supervisor to visit with his mother in Homestead (Dade County), Florida. During that visit, petitioner was arrested in Broward County and charged with aggravated assault and armed robbery. However, those criminal charges were dropped after a committing magistrate ruled that there was no probable cause to hold petitioner, and the state filed a “no information” on all of the charges. As a result of that incident, petitioner was charged with violating Parole Conditions 6 and 10 — failing to conduct himself honorably in that he fled from and attempted to elude his arrest by police officers and failing to comply with all instructions of his parole supervisor in that when given permission to visit in Dade County, he entered Broward County also, without consent of his parole supervisor. After a hearing, the Commission found petitioner guilty of those violations and consequently revoked his parole.
The Commission heard testimony from police officers that, while searching for an armed robbery and aggravated assault suspect, they spotted petitioner running across the street in Broward County, close to the Dade County line. The officers, who admitted that they were dressed in plain clothes at the time, testified that they yelled, “Stop, police" several times but that petitioner continued running from them and entered a wooded area, at which time the officers fired a few shots toward him. When uniformed officers drove a police cruiser into the wooded area, petitioner surrendered to them. Petitioner testified that he had gone to a restaurant to meet a friend, but the friend did not show up. Petitioner testified that after leaving the restaurant, he was crossing a street, running to avoid traffic, when he heard someone shout, “There he is.” Petitioner stated that he turned around, saw a person dressed in plain clothes running toward him and shooting at him. He testified that he did not hear anyone identify himself as a police officer and that he frantically ran from the firing shots. He testified that when he saw police officers in uniform, he surrendered.
On the basis of the above evidence, the Commission found that petitioner had violated Condition 6 of his parole, which requires that petitioner conduct himself honorably. Under the circumstances, however, especially in light of the fact that petitioner surrendered when approached by uniformed policemen in a police patrol car, petitioner should not be faulted for running from the plain clothes policemen. That act should not be considered a failure to act honorably and thus was not a proper basis for revocation of his parole. There is not competent substantial evidence to support the Commission’s ruling.
Petitioner was also charged with violation of Parole Condition 10 — failing to comply with all instructions given by his parole supervisor. At the hearings before the Commission, petitioner’s parole supervisor testified that she gave petitioner permission to visit his mother in Dade County, but she did not specifically instruct him not to leave Dade County and not to enter Broward County. She testified that petitioner told her he was not even aware of the county line. She also stated that she normally allows her parolees to take day trips from Leon County into an adjoining county without specific permission and that petitioner always had been a very cooperative parolee. Since petitioner was not given an instruction that he could not enter Broward County, he did not violate instructions of his parole supervisor when he entered Broward County. Therefore, peti *89 tioner’s presence in Broward County was not a violation of Condition 10 of his parole under the circumstances of this case.
REVERSED.
MILLS and MELVIN, JJ., concur.